UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01287-CMS |
| | ) | |
| AVENTURA AT HAWKRIDGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Aventura at Hawk Ridge, LLC, and Above All Development, LLC's Motions to Dismiss (Docs. 28, 30). For the reasons set forth below, the Court denies Defendants' Motions to Dismiss.

**BACKGROUND**

**I. Factual Background**

The following allegations from Plaintiff Kevin Brown's Complaint (Doc. 1) are accepted as true for purposes of this Order. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025).

Plaintiff "is a handicapped individual who uses a wheelchair . . . ." (Doc. 1 ¶ 6). Defendants "are the developers, architects, builders, contractors, and/or owners of dwelling units and apartment complex, Aventura at Hawk Ridge ('Hawk Ridge'), an approximately 144 unit housing community . . . ." that was "designed and constructed for first occupancy after July 2023" and "contains 'covered multifamily dwellings' within the meaning of 42 U.S.C. § 3604(f)." *Id.* ¶¶ 2, 26–29. Plaintiff claims he "was researching apartments in the Lake St. Louis area" and "visited [Aventura] in October 2024" when he "looked at one or more units. . . . [and] observed that there

were accessibility barriers that would interfere with his ability to access and use the facilities." *Id.* ¶ 31. Plaintiff claims "[t]he existence of barriers and the lack of accessible features deterred" him "from renting an apartment at [Aventura]." *Id.* ¶ 32. Further, Plaintiff claims Defendants failed "to design and construct [Aventura] in compliance with 42 U.S.C. § 3604(f)(3)(C) . . . ." *Id.* ¶ 30. Plaintiff claims he is "currently in the market for an apartment in the area of [Aventura], . . . intends to return [there] . . . to pursue a potential rental of an apartment, and . . . expects to return to [Aventura] once it has been remedied." *Id.* ¶ 42.

**II. Procedural Background**

On August 26, 2025, Plaintiff filed his Complaint against Defendants Above All Development, LLC, Aventura at Hawk Ridge, LLC, and Parker Associates Tulsa LLC, alleging violations of 42 U.S.C. § 3604(f)(3)(C), the Fair Housing Act (FHA). (Doc. 1). Thereafter, on October 7, 2025, Defendant Parker Associates Tulsa LLC filed its Answer (Doc. 8).

On January 26, 2026, Defendants Above All Development, LLC, and Aventura at Hawk Ridge, LLC, filed their Motions to Dismiss the Complaint, arguing (1) Plaintiff filed his Complaint outside the applicable statute of limitations and (2) Plaintiff lacks standing to assert his claims. (Docs. 28 and 30).

## LEGAL STANDARDS

**I. Motion to Dismiss**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P.

8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at 450. That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**DISCUSSION**

**I. Statute of Limitations**

Defendants Above All Development, LLC, and Aventura at Hawk Ridge, LLC, first argue that Plaintiff's Complaint was brought outside the applicable statute of limitations. (Docs. 29 and 31).

The FHA states, "An aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ." 42 U.S.C. § 3613(a)(1)(A). The FHA "defines 'aggrieved person' as 'any person who' either 'claims to have been injured by a discriminatory housing practice' or believes that such an injury 'is about to occur.'" *Bank of Am. Corp., v. City of Miami*, 581 U.S. 189, 197 (2017) (quoting 42 U.S.C. § 3613(a)).

Circuits are split on what constitutes "the occurrence or the termination of an alleged discriminatory housing practice" for purposes of when the statute of limitations begins to run in a design-and-construction suit like the one at bar. *Jafri v. Chandler LLC*, 970 F. Supp. 2d 852, 863–64 (N.D. Ill. 2013). The Ninth Circuit has held the statute of limitations begins to run at "the completion of the construction phase, which concludes on the date that the last certificate of occupancy is issued." *Garcia v. Brockway*, 526 F.3d 456, 466 (9th Cir. 2008). In contrast, the Sixth Circuit has adopted the "continuing violation doctrine," holding that the date on which the statute of limitations begins to run "depend[s] on the specific circumstances of each case." *Fair Hous. Council, Inc. v. Village of Olde St. Andrews, Inc.*, 210 F. App'x 469, 481 (6th Cir. 2006). The court explained that, when a "plaintiff alleges that the owner . . . engaged in a policy or practice throughout the entire development of constructing housing units that fail to comply with the FHA, . . ." the statute of limitations is tolled "until the sale of the last unit in that development." *Id.*

Under either test, Defendants' position that the statute of limitations ran before Plaintiff filed his Complaint fails. Plaintiff's Complaint states Aventura was "designed and constructed for first occupancy after July 2023." (Doc. 1 ¶ 27). Accepting Plaintiff's factual allegations as true and viewing them in the light most favorable to Plaintiff, as the Court must, *see Brokken*, 140 F.4th at 450, the Complaint can reasonably be construed to mean the construction was completed, and the last certificate of occupancy was issued, at some point after July 2023, including on or after August 26, 2023, two years before Plaintiff filed his Complaint.

Critically, Defendants bear the burden of pleading and proving a statute of limitations defense. *See Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008)) ("Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove."). To do so successfully, Defendants must

show, from the face of the Complaint, that the statute of limitations had run. *See Sacks v. University of Minnesota*, 600 F. Supp. 3d 915, 938 (D. Minn. 2022) (quoting *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("A defendant may raise a statute-of-limitations defense on a motion to dismiss, and the motion should be granted when it 'appears from the face of the complaint itself that the limitation period has run.'"). Defendants cannot show that the statute of limitations had run from the face of Plaintiff's Complaint and its open-ended allegation that Aventura was "designed and constructed for first occupancy after July 2023."

**II. Standing**

Defendants' second argument is that Plaintiff lacks standing. (Docs. 29, 31). To adequately allege standing, a plaintiff must show that: (1) he alleged a cognizable injury, (2) the injury is "fairly traceable to the defendant's allegedly unlawful conduct," and (3) the injury is "likely to be redressed by the requested relief." *California v. Texas*, 593 U.S. 659, 668–69 (2021) (internal citations omitted).

In another case brought by this prolific Plaintiff, a court of this District recently held that Plaintiff satisfies the standing requirement for both his alleged past injury (experiencing discrimination and being deterred from renting an apartment) and his alleged future injury (his intent to return after Defendants have remediated the alleged violations). *Brown v. LuxLiving, LLC*, No. 4:25-cv-01472-SRC, 2026 WL 2529417, at *5 (E.D. Mo. Aug. 27, 2026).

Here, as in his other case, Plaintiff alleges past "harm from experiencing discrimination and from being deterred from renting an apartment" owned/developed by Defendants. *Id.* "[E]ven if [Plaintiff] manufactured this incident, 'he would still have a claim for nominal damages.'" *Id.* at *4 (citing *Shaver v. Indep. Stave. Co.*, 350 F.3d 716, 724 (8th Cir. 2003); 42 U.S.C. § 3613(c)(1)).

Regarding the alleged future injury, "[a] party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." *Keller v. City of Fremont*, 719 F.3d 931, 947 (8th Cir. 2013). Plaintiff has standing because he alleges he "'looked at one or more units' and 'observed . . . accessibility barriers that would interfere with his ability to access and use the facilities.'" *LuxLiving, LLC*, 2026 WL 2529417, at *5. Plaintiff "also alleged that he remains 'currently in the market for an apartment in the area of the subject property,'" and he "'intends to return to the subject property and other rental property nearby to pursue a potential rental of an apartment, and [he] expects to return to' [Aventura] once Defendants remediate the barriers." *Id.*

Plaintiff's allegations are sufficient to confer standing.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aventura at Hawk Ridge, LLC's Motion to Dismiss (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Above All Development, LLC's Motion to Dismiss (Doc. 30) is **DENIED**.

So ordered this 23rd day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE